Ralph OVADAL, Plaintiff,

v.

CITY OF MADISON, WISCONSIN, Richard Williams, Chris Paulson and Patrick Grady, Defendants.

No. 04–C–322–S.

United States District Court, W.D. Wisconsin.

Nov. 22, 2005.

Catherine M. Rottier, Boardman, Suhr, Curry & Field, Madison, WI, for Defendants.

Nathan W. Kellum, for Plaintiff.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

On August 19, 2005 the above entitled case was remanded by the United States Court of Appeals for the Seventh Circuit for this Court to determine whether plaintiff was deprived of his First Amendment right to free speech by an express policy or widespread custom of the City of Madison, Wisconsin and certain police officials.

On October 14, 2005 defendants Paulson and Grady filed a motion for partial summary judgment on the issue of qualified immunity pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of facts, conclusions of law, affidavits and a brief in support thereof. On October 17, 2005 plaintiff filed a renewed motion for summary judgment. These motions have been fully briefed and are ready for decision.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTS

For purposes of deciding the motions for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Ralph Ovadal is a resident of Green County, Wisconsin. Defendant City of Madison is a Wisconsin municipal corporation. Defendant Richard Williams was the Chief of Police for the City of Madison

at all times material to this complaint. He has since retired and Noble Wray is now the Chief of Police. Defendants Chris Paulson and Patrick Grady are sergeants in the City of Madison Police Department.

On September 2, 2003 plaintiff and several other persons displayed signs and banners expressing their religious viewpoint on homosexuality on a pedestrian overpass located near the Verona Road exit on the Beltline Highway in the City of Madison. Madison police officers received several 911 reports and noticed that there was a distinct slow down in traffic near the overpass.

The Beltline Highway is a major thoroughfare and a limited access freeway with a fifty-five (55) mile per hour speed limit. It contains three lanes of east bound traffic and three lanes of west bound traffic.

Madison police officers instructed plaintiff and his group to leave the overpass or they would be arrested for disorderly conduct. The group departed without any arrest being made or citations issued.

On Saturday morning October 11, 2003 plaintiff and several others held signs and banners on a pedestrian overpass near the Park Street exit. Sgt. Grady noticed a slow down of Beltline traffic in the area of the demonstration. Sgt. Grady advised plaintiff that he would not be allowed to express his message on the pedestrian overpass. Sgt. Grady said, "And I guess my feeling is that you present a traffic hazard here. You've got people going 60, 70 miles an hour there and they're looking up and seeing you." Plaintiff and his group left the overpass because they reasonably believed if they did not they would be arrested.

## MEMORANDUM

In its decision the Court of Appeals states: "The key question is whether the city's rule that no protests may take place on overpasses when those protests cause a traffic hazard is capable of content-neutral application, or whether the city has imposed a content-based and impermissible 'no-Ovadal-on-overpasses' rule." *Ovadal v. City of Madison, Wisconsin,* 416 F.3d 531, 538 (7th Cir.2005).

Defendants continue to argue that there is no policy. The basis for their motion for summary judgment and brief in opposition to plaintiff's motion for summary judgment is that there is no policy. This argument was refuted by the Court of Appeals holding that there is a city rule which prohibits protests on overpasses that cause a traffic hazard.

Specifically the Court of Appeals states as follows:

"If the city had a policy that prohibited not just Ovadal's but all protests and all signs on all Beltline overpasses, this could certainly be a legitimate place and manner restriction because it would be clearly content-neutral. However, the city adamantly refuses to admit that such a policy exists. Instead, it insists that signs are prohibited only if they impair traffic safety[2]. The officers are permitted to decide on an ad hoc basis whether to allow the protest to continue depending on how drivers react to the signs on the pedestrian overpass."

---

[2] It appears that no group other than Ovadal's has ever attempted a demonstration on a Beltline overpass. Thus, we do not know whether the police would have allowed other demonstrations to continue.

*Id.,* p. 537 & n. 2.

The Court of Appeals has determined "the issue remains as to whether the ban was narrowly tailored and content neutral". *Id.* at p. 537. The Court of Appeals also advises that if the prohibition was based on the drivers' reactions to plaintiff's message it would not be content neutral. *Id.* at p. 537.

Plaintiff contends that he was banned from the overpasses because of the opposition by the Beltline drivers to the content of his message. Defendants argue that plaintiff was banned from the overpass because the presence of people and banners on the overpasses and not his message created a traffic hazard. There is a genuine issue of fact as to whether the defendants prohibited plaintiff's signs and banners because a traffic hazard was created by opposition to the message or solely by the plaintiff's presence regardless of his message. This factual issue will be resolved at trial.

Where the ban is found to be content based the city would have to prove that the rule that no protests may take place on overpasses when those protests cause a traffic hazard is necessary to serve a compelling state interest and that the rule is narrowly drawn to achieve that purpose. *Frisby v. Schultz*, 487 U.S. 474, 480, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988). A factual issue remains as to whether the ban is narrowly tailored to serve a compelling state interest. This Court is constrained to proceed to trial in light of the Seventh Circuit's decision to determine whether there exists a non-constitutional policy barring demonstrations on the Beltline based on the content of plaintiff's message.

Plaintiff's motion for summary judgment will be denied because factual disputes remain.

Defendants Paulson and Grady move for summary judgment on the issue of qualified immunity. This motion will be denied because factual issues remain. These factual issues are beyond the narrow legal issue of immunity which is subject to an interlocutory appeal. See *Marshall v. Allen, et al.*, 984 F.2d 787 (7th Cir.1993).

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.